UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| SHERRY MARLENE FARMER ) | |
| ) | |
|    *Petitioner*, ) | |
| ) | |
| v. ) | No. 3:11-cv-66 |
| ) | *Jordan* |
| ) | |
| JOE KEFFER, Warden ) | |
| ) | |
|    *Respondent*. ) | |

## **MEMORANDUM**

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Sherry Marlene Farmer ("petitioner"). The matter is before the court on the motion to dismiss filed by the United States Attorney for the Eastern District of Tennessee on behalf of the respondent. Petitioner has not filed a response to the motion to dismiss and the court deems petitioner to have waived her opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Court File No. 6] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner pleaded guilty in the U.S. District Court for the Eastern District of Tennessee to conspiracy to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a) and 846, and conspiracy to

commit money laundering, in violation of 18 U.S.C. § 1956; she was sentenced to concurrent terms of imprisonment of 84 months. *United States v. Farmer*, Criminal Action No. 3:07-cr-89 (E.D. Tenn. June 9, 2009) (Court File No. 233, Judgment).

Petitioner now claims that the Supreme Court decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010), which involved the "honest services" fraud statute in 18 U.S.C. § 1346, has rendered her actually innocent of the predicate offense upon which her money-laundering conviction was based. She also claims that the Supreme Court decision in *United States v. Santos*, 553 U.S. 507 (2008), in which the Supreme Court held that the money-laundering statute's, 18 U.S.C. § 1956(a)(1), term "proceeds" was ambiguous and as a result, in certain circumstances, must be read to mean "profits," has also rendered her actually innocent of money laundering.

A habeas corpus petition pursuant to 28 U.S.C. § 2241 "must be brought in the district of confinement." *United States v. Hayman*, 342 U.S. 205, 213 (1952); *see also* § 2241(a) (referring to the entry of an order in "the district wherein the restraint complained of is had"). Petitioner is confined in the Carswell Federal Medical Center in Fort Worth, Texas. She filed the pending habeas corpus petition in the U.S. District Court for the Northern District of Texas at Forth Worth, Texas, and sent a copy to this district. The Clerk's Office assigned the habeas petition a case number and the respondent was ordered to respond. The pending motion to dismiss is that response.

The U.S. District Court for the Northern District of Texas dismissed the petition, finding that neither *Skilling* nor *Santos* was relevant nor applicable to petitioner's conviction,

2

and therefore the court lacked jurisdiction to grant her relief. *Sherry Marlene Farmer v. Joe Keffer, Warden*, Civil Action No. 4:11-cv-65 (N.D. Texas August 9, 2011) (Doc. 9, Judgment). The petitioner is not confined in this district, the U.S. District Court for the Northern District of Texas has denied relief, and this court lacks jurisdiction to consider petitioner's § 2241 petition.

The motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                  s/ Leon Jordan
                                          United States District Judge